HUTCHINSON v. GORMAN.

Opinion delivered April 4, 1903.

71    305
74    70

71    305
189   326

1.  ESTOPPEL—ACCEPTANCE OF DEED.—A purchaser of land who accepted a deed whereby he assumed as part of the consideration a debt due from his vendor to another is not thereby estopped to sue the vendor's agent for deceit in misrepresenting the amount of such debt. (Page 308.)

2.  DECEIT—SCIENTER.—In order to sustain an action for deceit, plaintiff must show, not only that he was misled and damaged by a false representation concerning a material fact, but also that defendant knew, at the time he made it, that the representation was false, or that, being ignorant as to whether it was true or false, he asserted that it was true, and did so with intent to deceive plaintiff. (Page 309.)

3.  TRIAL—DIRECTING VERDICT.—Notwithstanding the weight of testimony was to the effect that defendant made no false representation to plaintiff, it was error to direct a verdict for defendant if there was a conflict in the testimony upon that point. (Page 309.)

4.  DECEIT—DEFENSE.—In an action of deceit against the local agent of a building and loan association by the purchaser of property mortgaged to such association, in which it is alleged that defend-

ant made misrepresentations as to the amount necessary to pay off the mortgage, it is no defense that plaintiff might have learned the truth by writing to the home office of the association. (Page 309.)

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

### STATEMENT BY THE COURT.

H. P. Gorman was in April, 1896, the owner of certain real estate in the town of Searcy and the residence and improvements thereon. Gorman lived in Forrest City, and, desiring to sell this property, he turned it over to J. J. Baugh, a resident of Searcy, that Baugh might sell it. Baugh sold the property to T. R. Hutchinson, and Gorman executed a deed to Hutchinson. The deed recites that Hutchinson paid $691.55 in cash, and as a further consideration that he assumed a debt to the Arkansas Building & Loan Association contracted by one Emile Audigier and secured by mortgage on the property executed by Audigier and wife June 13, 1890. The amount of this debt is not stated in the deed from Gorman to Hutchinson. But other evidence in the case shows that Audigier, who then owned the property, borrowed $750 from the Arkansas Building & Loan Association on the 13th day of June, 1890, and to secure the loan he transferred to the association forty shares of its stock of the face value of $1000, and gave a mortgage on the property above mentioned, and a bond conditioned that he should pay all the dues on stock until the maturity of the stock, or repay the $1000 with interest at six per cent. The bond and mortgage did not bind him to pay any certain amount to the association, but simply required that he should pay the dues on the stock until maturity of same. When Gorman purchased the property from Audigier, he assumed this debt to the building and loan association, and when he sold to Hutchinson, then Hutchinson assumed it, and signed a written indorsement on the bond executed to the association by Audigier, by which he agreed not to pay any certain amount, but to make payments of all subsequent dues on the stock required by the association.

Afterwards Hutchinson paid $11 monthly to the association until the stock matured. The total amount that he paid to the association was about four hundred dollars.

He then brought this action against Gorman and Baugh to recover damages for fraud and deceit on account of representations made by Baugh at the time of making the sale. After hearing the evidence, the circuit court held that the fact that the plaintiff accepted a deed from Gorman in which it was recited that the plaintiff assumed the debt of Audigier to the building and loan association as a part of the consideration to be paid for the property, and further signed an obligation to the building and loan association that he would perform the contract and undertaking made by Audigier with the association, estopped him from claiming damages in this case, and that he could not recover.

The court thereupon directed a verdict for the defendant, and gave judgment accordingly. Plaintiff appealed.

*J. V. Roberts* and *Ben Isbell,* for appellant.

Appellant had a right to rely upon the statements made by the agent of the building and loan company in regard to the stock. 2 Pom. Eq. Jur. §§ 822, 890, 891. The plaintiff should recover the amount which he was forced to pay out through misrepresentation. Pom. Eq. Jur. *ubi supra,* § 882.

*S. Brundidge, Jr.,* for appellees.

Appellant can not contradict by parol the recited consideration of the deed and the indorsement of the bond. 30 Ark. 186; 35 Ark. 156. Appellees are in no way responsible for appellant's over-payment to the building and loan association. 54 Ark. 449; 46 Ark. 245.

RIDDICK, J., (after stating the facts). This is an action to recover damages on account of fraud and deceit. The complaint filed in the case is rather prolix, and does not state the facts very concisely, and this may have led to some confusion in the trial of the case. But no objection is made here either as to the form or substance of the complaint, so we have treated the defects in it as cured by the answer and the subsequent trial.

The facts, briefly stated, are that Hutchinson purchased from defendant Gorman through his agent, defendant Baugh, a house and lot in the town of Searcy. As part of the consideration for the property, he agreed to assume and pay certain monthly dues or installments on stock which one Audigier, a former owner of the premises, had agreed to pay to the Arkansas Building & Loan Association, to secure the payment of which Audigier had executed

a mortgage on the property, which mortgage was still a valid and subsisting lien thereon for the unpaid portion of the debt or dues. Audigier had borrowed $750 from the association, and had transferred to the association stock of the face value of $1000, and gave a bond secured by mortgage, as above stated, that he would pay all subsequent dues on the stock required by the rules and by-laws of the association. He did not, it will be noticed, agree to pay any certain amount, but was to pay the monthly dues until the stock matured. In assuming this contract, Hutchinson on his part did not agree to pay any certain sum, but agreed to pay the subsequent installments required to mature the stock. At the time Hutchinson purchased the property, this contract of Audigier had been in force nearly six years, and only those familiar with the affairs of the association could tell with any degree of certainty what additional sums would be required to mature the stock. The home office of the association was at Little Rock, but Baugh was a stockholder in the association, and was secretary of the local board at Searcy. The contract with Hutchinson was made at Searcy, and he alleges that he was induced to purchase the property and to assume the contract of Audigier with the building and loan association by reason of a representation made by Baugh that one hundred and sixty dollars would be all that was required to pay this debt, or, in other words, that the balance due to the association was not more than one hundred and sixty dollars. Hutchinson alleges that this representation was false, and he makes it the basis of his action in this case, but the circuit judge held that he was estopped to maintain the action by reason of the fact that he had assumed the debt of Audigier to the building and loan association as part of the consideration named in the deed.

Now, this being an action to recover damages for fraud and deceit, we think it is clear that the circuit court erred in holding that the acceptance of the deed by plaintiff, and the further fact that he assumed the debt of Audigier to the association, estopped him from bringing this action. Plaintiff is not suing on the contract, nor is he denying his contract. He admits the contract, and that he is bound by it, but founds his action on a tort by alleging that he was induced to make the contract by reason of a false representation made by defendant Baugh.

But, although we are of the opinion that the circuit court erred in its declaration of the law, still we are by no means certain

that the evidence was sufficient to warrant the recovery by plaintiff in this action. In order to sustain an action for deceit, the plaintiff must not only show that he was misled and damaged by a false representation concerning a material fact, but he must go further, and show that the defendant knew at the time he made it that the representation was false, or that, being ignorant of whether it was true or false, he asserted that it was true, and did so with the intention to deceive the plaintiff. *Hanger* v. *Evins,* 38 Ark. 334; 14 Am. & Eng. Enc. Law (2d Ed.) 86; 8 Am. & Eng. Enc. Plead. & Prac. 899, 902.

Now, Baugh testified that he made no positive statement as to the amount of the debt, but only gave an estimate of the amount, and the facts in proof seem to support his testimony. If Baugh stated to Hutchinson that the balance due the building and loan association was only $160, it is somewhat strange that this amount was not named in the deed or in the written agreement indorsed on the bond of Audigier to the association by which Hutchinson assumed and undertook to carry out the contract of Audigier. The fact that no certain amount was named for this debt, either in the deed or in the contract of Hutchinson assuming it, tends, as we think, to support the statement of Baugh that the amount was unknown, and that his statement in reference to the balance due on the debt was only an estimate, and so understood by Hutchinson.

But, while the weight of evidence seems to us to favor defendant, there was evidence to the contrary. The testimony of Hutchinson and of Baugh on this point are directly in conflict, and we can not determine the case here on the weight of evidence as it appears to us. That is a question for the jury. The fact that Hutchinson might have learned the truth by writing to the home office of the association at Little Rock would be no defense if Baugh knowingly made a false representation as to the amount of the debt with intent to deceive, and thereby misled Hutchinson to his injury. While, as before stated, we think there is not much evidence to sustain that assertion of the plaintiff, he had, we think, the right to submit the question to the jury, and we are therefore of the opinion that the court erred in directing a verdict. For this reason the judgment is reversed, and cause remanded for a new trial.