FIRST NATIONAL BANK OF NEWARK v. PEOPLE'S NATIONAL BANK OF SPRINGFIELD.

Opinion delivered December 12, 1910.

1. APPEAL AND ERROR—HARMLESS ERROR.—Where the jury in a damage suit returned a verdict for the defendant, error of the court in refusing to instruct the jury upon the measure of damages was not prejudicial. (Page 18.)

2. FRAUD—LIABILITY FOR FALSE REPRESENTATION.—A false representation, to be actionable, must not only have misled the other, but must have been made fraudulently and with intent to mislead; no one is liable for a false representation who honestly believed it when made, however false it may be, but he is liable if he knew it to be false, or, knowing nothing about it, asserted it to be true. (Page 18.)

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; reversed.

*Samuel M. Casey,* for appellant.

*Ernest Neill,* for appellee.

HART, J. Appellant is a corporation engaged in the banking business at Newark, Ark., and appellee is a corporation engaged in a similar business at Springfield, Tenn. A. L. Dorsey,

agent and attorney for appellee, came to the State of Arkansas to locate one L. R. Phillips, a dealer in live poultry, and to collect from him an amount of money due appellee. He located Phillips at Mt. Grove, Mo., and also learned that Ira Arbuckle was buying poultry for him at Newark, Ark. He learned from Phillips that he had some poultry at Newark which Arbuckle had bought for him, and from Arbuckle that appellant had advanced some money on it, and would not let the poultry be shipped until its overdraft was paid. Dorsey sent to appellant the following telegram:

"Mt. Grove, Mo., July 17, 1908.
"First National Bank, Newark, Ark.:

"See Arbuckle and wire me amount of Phillips overdraft and pounds poultry for car, pounds paid for and not paid for, and how much money needed.

"A. L. Dorsey."

In reply he received the following telegram:

"Newark, Ark., July 17, 1908.
"A. L. Dorsey, Mt. Grove, Mo.:

"Three thousand pounds paid for, and seven thousand pounds for car and overdrawn $350; $400 needed.

"First National Bank, 8-27 A. M. 7-18."

He again telegraphed the appellant as follows:

"West Plains, Mo., July 18, 1908.
"First National Bank, Newark, Ark.:

"Wire me here at once if four hundred will take care overdraft and leave seven thousand paid for.

"A. L. Dorsey."

To this he received the following reply:

"Newark, Ark.
"A. L. Dorsey, Mt. Grove:

"Four hundred dollars will take care of overdraft and leave seven thousand pounds paid for; must be fixed this P. M.

"First National Bank, 5-15 P. M."

He said that he was not willing to trust either Phillips or Arbuckle, and for that reason sent the above telegrams to appellant; that he relied on the statements contained in the replies

to his telegram, and sent $400 to the appellant. It turned out that the Newark poultry only amounted to about 1,579 pounds. The poultry was worth 9½ cents per pound in the market.

Appellant adduced testimony tending to show that it had a bill of sale for the poultry as security for money it had advanced to Arbuckle in purchasing it, but that it had not taken possession of the poultry; that when the first telegram to Dorsey was sent by it, the poultry was scattered about in a room and was not in coops; that it was in charge of Arbuckle, who stated that the chickens would weigh 7,000 pounds, and, relying upon his statement, it sent the first telegram; that the poultry was loaded in the car for shipment when the second telegram was sent; that the poultry was not weighed when it was loaded in the car, and reliance was had on Arbuckle's statement in sending the weight, and that the amount was sent in good faith believing it to be true. Arbuckle denied making any statement to appellant's agents in regard to the weight of the poultry.

This suit was brought by appellee against appellant to recover damages for false representations. The grounds upon which appellee relied for a recovery, and upon which appellant predicated its defense, are sufficiently set forth above. Other evidence was adduced by both parties to establish their respective contentions, and appellee adduced evidence to show the amount of damages it suffered; but the views we shall hereinafter express render a further statement unnecessary.

The case was tried before a jury, and resulted in a verdict for appellant. Appellee filed a motion for a new trial, which was granted. The case is here on appeal; the appellant stipulating that, if the judgment granting a new trial be affirmed, judgment absolute may be rendered in this court under sections 1188 and 1238 of Kirby's Digest.

The order granting the new trial appears in the record proper, and does not show upon what grounds it was granted. In the bill of exceptions, however, it appears that the motion was granted because the court erred in refusing instructions 5 and 6, asked by appellee and in giving instruction 8, at the request of appellant.

Instruction Nos. 6 and 8, just referred to, were upon the measure of damages. The jury returned a verdict for appellant,

who was the defendant. If it had found for appellee, who was the plaintiff, under the undisputed evidence, it should have returned a verdict for damages, and the presumption is that it would have done so. Hence it becomes immaterial to determine whether the instruction on the measure of damages was correct, or the one refused should have been given; for, the jury having returned a verdict for the appellant, appellee was not prejudiced.

Instruction No. 5 should not have been given. It is as follows:

"The jury are instructed that, although you may believe from the evidence that defendant bank obtained its information as to the weight of the poultry from other persons or sources which it deemed reliable, and that it believed at the time that its representations made to Dorsey were true, and although Dorsey may have relied in part upon other information than that received from the defendant as to the weight, yet, if you find that the said Dorsey relied in part upon the representations of defendant, and acted upon them to his damage, then your verdict will be for the plaintiff."

This instruction made appellant liable, regardless of its good faith in making the representations. Appellee's agent had in the beginning advised it to see Arbuckle in regard to the weight of the poultry; and appellant had adduced evidence tending to show that the representations made by it were made in good faith after an honest endeavor to ascertain their truth. The instruction should have added that the representations were made knowing them to be false or in reckless disregard of their truth. See *Hanger* v. *Evins,* 38 Ark. 334, where the court held (quoting from syllabus): "A false representation, to be actionable, must not only mislead, but must be made fraudulently, and with that intent. No one can be held liable for a false representation who honestly believed it when made, however false it may be; but he is liable if he knew it to be false, or, knowing nothing about it, asserted it to be true."

Appellant knew that Arbuckle was buying poultry for Phillips, and that he was indebted to appellee; but it did not know that appellee had no confidence in them, and that it was relying entirely on the representations made by it. On the contrary, in his first telegram Dorsey advised appellant to see Arbuckle

and wire him "the amount of Phillips' overdraft and the pounds of poultry for car." Appellant's evidence showed that at this time the chickens were loose in a house, and it was not practical to weigh them. The poultry had been loaded on the car for shipment before the last telegram was received. They were not weighed before they were loaded. Appellant was engaged in the banking business, and its employees were without experience in judging the weight of a quantity of poultry. In good faith and believing it to be true, they made the representations about the weight. While Arbuckle denied that he told appellant's agents that the poultry weighed 7,000 pounds, the jury were the judges of the credibility of the witnesses. Hence we say the instruction was wrong in ignoring this defense of appellant.

The court erred in granting a new trial, and the judgment will be reversed with directions to render judgment upon the verdict.

KIRBY, J., dissents.