BARKER *v.* LACK.

Opinion delivered October 18, 1915.

CONTRACTS—PAROL EVIDENCE TO VARY—DECEIT.—Parol evidence is inadmissible to vary, qualify, or contradict, to add to or to subtract from, the absolute terms of a valid written contract containing no ambiguity, but an action of deceit based on fraud in the procurement of a contract, not being an action to enforce the contract, parol evidence of the fraud is admissible, notwithstanding the fact that the contract is in writing.

Appeal from Clay Chancery Court, Eastern District; *Charles D. Frierson,* Chancellor; affirmed.

*R. H. Dudley,* for appellant.

1. The court had jurisdiction. 12 L. R. A. 780; 6 Pom. Eq. Jur. § 750; *Ib.* § 50; Bisph. Eq. § 370; 46 N. J. Eq. 477.

2. The defense of fraud is not sustained by the evidence. The representations were not false and fraudulent within the rule. 74 Ark. 53; 73 *Id.* 542; 95 Id. 136; 101 *Id.* 608; 47 *Id.* 148; 113 *Id.* 78; 2 Pom. Eq. 879, 876.

3. Parol evidence is not admissible to contradict, or vary the terms of a written contract. 3 Jones on Ev. 434; 12 Metc. 275; 113 Ark. 509; 94 *Id.* 130; 35 *Id.* 156; 50 *Id.* 393; 105 *Id.* 50; 95 *Id.* 131; 46 N. J. Eq. 477; 102 Ark. 575; 104 *Id.* 475.

4. Appellee did not offer to do equity. 46 N. J. Eq. 477. The findings of the chancellor are against the preponderence of the evidence. 102 Ark. 383; 102 *Id.* 658; 92 *Id.* 359; 77 *Id.* 216; 84 *Id.* 349; 104 *Id.* 475; 98 *Id.* 459; 71 *Id.* 614; 75 *Id.* 75.

*Ira C. Langley* and *R. E. L. Johnson,* for appellee.

1. The findings of the Chancellor that the misrepresentations were false and fraudulent and that appellee relied upon them are sustained by the evidence. 2 Pom. Eq. p. 876. Appellee acted in good faith and good conscience throughout the whole transaction. 76 Ark. 46.

2. Parol proof is admissible in actions for deceit on account of fraudulent misrepresentations, or in equity

to rescind for same. 95 Ark. 131; 38 *Id.* 334; 20 Cyc. 112; 71 Ark. 305.

3. The findings of the chancellor will be sustained unless clearly against the preponderance of the evidence. 103 Ark. 473; 101 *Id.* 368; 4 Crawford's Digest 151, 152.

HART, J. J. C. Barker instituted this action in the chancery court against R. A. Lack to obtain specific performance of a contract for the sale of a stock of goods. The complaint alleged in substance that the plaintiff had entered into a written contract with the defendant for the sale of a stock of goods and that the defendant as part payment therefor had agreed to sell to the plaintiff ninety-eight shares of stock in a mercantile corporation; that the defendant had been placed in possession of the stock of goods sold to him and had later abandoned possession of it; and that he had failed to perform the contract on his part. The prayer of the complaint was for specific performance of the contract and for the appointment of a receiver to take charge of the stock of goods abandoned by the defendant and for an injunction restraining the defendant from disposing of the stock in the mercantile corporation.

The defendant admitted the execution of the contract and as a defense to the action set up false representations in the procurement of the contract.

The chancellor found the issue in favor of the defendant and the plaintiff has appealed.

Both the defendant and his son testified in the case. They testified that the plaintiff represented to the defendant as an inducement to get him to purchase the stock of goods that the goods would not invoice more than five thousand dollars and that the indebtedness would not be more than fifteen hundred dollars or two thousand dollars; that the defendant, believing these representations to be true, entered into the contract for the purchase of the stock of goods and agreed to pay therefor the wholesale invoice price and the cost of the fixtures, less $75; that in payment of the purchase price the buyer assumed the indebtedness of the seller and also agreed to

sell to him ninety-eight shares of stock in a mercantile
company of the par value of $25 each; that the contract
further provided that whatever differences there might be
in the settlement should be settled by the party found to be
indebted giving his promissory note to the other payable
twelve months after date; that the stock in the mercantile
company was worth $2000; that the stock of goods in-
ventoried something over $7000 and that the indebtedness
amounted to a little more than $3900; that the plaintiff
refused to deliver the invoices to the defendant but
admitted that the invoices, as far as made, amounted to
more than $7000 and the indebtedness to a little more
than $3900; that at the request of the plaintiff they took
possession of the stock of goods and began to sell the
same as soon as the contract of sale had been executed;
that the defendant remained in possession of the stock
of goods for eight or ten days selling the same in the
usual course of business; that when he learned that the
representations made by the plaintiff were false he
offered to return the stock of goods to the plaintiff and
the amount of money he had received for cash sales and
agreed to account to the plaintiff for the credit sales;
that demand was made of the plaintiff during the
progress of making the inventory for the original in-
voices and that the plaintiff refused to deliver them to
him.

Other testimony was introduced by the defendant
which tended in some measure to corroborate his testi-
mony and that of his son.

The plaintiff testified in his own behalf and flatly
contradicted the defendant. He testified that he only
gave his opinion to the defendant as to the amount the
goods would inventory and as to the amount of the in-
debtedness, and that the defendant so understood it; that
he made the representations in good faith and that the
contract embodied the whole agreement between the
parties, and that it was not understood by the defendant
that the plaintiff had made the representations to the
defendant as to the amount that the goods would inven-

tory or as to the amount of indebtedness as matters of inducement to the defendant to purchase the stock of goods.

The testimony of the plaintiff was corroborated to some extent by that of other witnesses.

The chancellor found the issues as to the false representations in behalf of the defendant and we cannot say that his finding is against the preponderance of the evidence. It is the settled rule of this court that findings of fact made by a chancellor will not be disturbed on appeal unless they are against the clear preponderance of the evidence. It is contended, however, by counsel for the plaintiff that the written contract expresses the agreement between the parties and that parol evidence is inadmissible to vary, qualify or contradict, to add to or subtract from, the absolute terms of a valid written contract containing no ambiguity. Though this is the settled rule in this State, there are certain limitations to the rule and one is that an action of deceit based on fraud in the procurement of a contract, not being an action to enforce the contract, parol evidence of the fraud is admissible, notwithstanding the fact that the contract is in writing. 20 Cyc. 112.

In the case of *Hanger et al.* v. *Evins & Shinn,* 38 Ark. 334, the court held that an intentionally false and misleading representation which induced the contract to the other's injury is a tort outside of the contract and is provable by parol. To the same effect see *Delaney* v. *Jackson,* 95 Ark. 131.

It follows that the decree must be affirmed.