WARNER *v.* WARNER.

5-54                                                                    256 S. W. 2d 734

Opinion delivered April 13, 1953.

*Alonzo D. Camp,* for appellant.

*Laurence J. Berger,* for appellee.

GEORGE ROSE SMITH, J.   Fred Myrick, as the father and next friend of Jessie Pearl Warner, filed this suit to annul his daughter's marriage to the appellant.   At the close of the plaintiff's proof the defendant demurred to the evidence.   The demurrer having been overruled the defendant offered no evidence and now appeals from a decree in favor of the plaintiff.

Marshall Warner and Jessie Pearl Myrick were married by a justice of the peace on August 3, 1952, Marshall then being twenty-one and Jessie Pearl sixteen.   When the bride's parents learned of the wedding four days later this suit was brought.   The complaint alleges that Jessie Pearl is a minor not legally competent to be married and that the marriage is void.   The defendant's answer is a general denial, except that the fact of marriage is admitted.

At the trial both Mr. and Mrs. Myrick testified that they had not consented to their daughter's marriage. This evidence was objected to by the defendant, upon the ground that "the complaint does not set forth any allegation with reference to the consent of the parents one way or another."   The chancellor overruled the objection.   It is now insisted that the court was not warranted in annulling the marriage for lack of parental consent, since that defect in the nuptial contract was not specifically pleaded.

We think the chancellor acted correctly. When a girl under eighteen has been married without her parents' consent the chancellor may set aside the marriage contract. Ark. Stats. 1947, § 55-102; *Mitchell* v. *Mitchell*, 219 Ark. 69, 239 S. W. 2d 748. This complaint alleges that Jessie Pearl is under eighteen and that the marriage is void. If the defendant was in doubt as to the ground of invalidity that was being relied upon he should have asked that the complaint be made more definite.

Thus the evidence of nonconsent was admissible under a liberal construction of the complaint. And even if we construe that pleading as narrowly as the appellant would have us do, still the overruling of the objection was in effect an exercise of the court's discretion to treat the complaint as amended to conform to the proof. *St. Louis, I. M. & S. Ry. Co.* v. *Bearden,* 107 Ark. 363, 155 S. W. 499; *Smith* v. *Moschetti,* 213 Ark. 968, 214 S. W. 2d 73. It is altogether unlikely that the plaintiff's proof came as a surprise to the defendant, but if so it was his duty to assert that fact and to ask for a continuance so that the Myricks' testimony might be rebutted. In the absence of a plea of surprise the technical objection to the evidence is without merit.

Affirmed.

MILLWEE, J., not participating.