JAMES A. BONDS *v.* CLINT LITTRELL ET AL

5-5040                                     446 S. W. 2d 672

Opinion delivered November 10, 1969

*Putman, Davis & Bassett,* for appellant.

*W. Q. Hall,* for appellees.

GEORGE ROSE SMITH, Justice. On June 13, 1967, the appellant Bonds signed an offer-and-acceptance contract by which he agreed to buy a farm from the appellees Littrell for $50,000, payable as follows: $5,000 earnest money upon the signing of the contract; $20,000 upon approval of the title, and $25,000 in ten equal annual installments. With the execution of the contract Bonds deposited his $5,000 earnest-money check with the sellers' real estate agent, the appellee Carr.

Before the title had been approved Bonds stopped payment on the $5,000 check. The Littrells and Carr then brought this action upon the contract and check, asserting that under the contract they were entitled to retain the earnest money as liquidated damages. This appeal is from a summary judgment in their favor. For reversal Bonds contends that the motion for summary judgment should have been denied, because there were two issues of fact for the jury: One, the purchase was contingent upon the defendant's obtaining the purchase money from Houston Milk Producers Credit Union; and, two,

the contractual provision for a forfeiture of the earnest money was actually a stipulation for a penalty rather than for liquidated damages.

Upon the first point the trial court held that the parol evidence rule would eventually prevent Bonds from proving a collateral oral agreement by which the purchase was contingent upon his ability to obtain financing. We hold that the court's ruling was reversible error.

At the outset the appellees insist that Bonds cannot rely upon the asserted collateral agreement, because he failed to plead that defense in his answer. It is true that Bonds' answer to the complaint was merely a general denial, plus special pleas not now relevant. But in response to the plaintiffs' requests for admissions of fact Bonds made this statement under oath: "Defendant admits that a written memorandum of said agreement was made and that a copy is attached to the complaint. . . Defendant states, however, that said agreement was contingent upon the defendant's obtaining the purchase money from the Houston Milk Producers Credit Union." In the face of that assertion, and without rebutting it, the plaintiffs filed their motion for summary judgment.

Ever since the adoption of our Civil Code a century ago it has been a basic and wholesome rule in civil cases that amendments to the pleadings are to be liberally allowed in furtherance of justice, that the court must disregard any defect not affecting the substantial rights of the adverse party, and that no variance between the pleadings and the proof is material unless it has actually misled the adverse party to his prejudice. Ark. Stat. Ann. §§ 27-1155 and -1160 (Repl. 1962). In harmony with those principles we have held that the trial court may permit the pleadings to be amended after the filing of a motion for summary judgment. *Montgomery* v. *First Nat. Bk. of Newport,* 242 Ark. 329, 414 S. W. 2d 109 (1967).

580

Under the Federal Rules of Civil Procedure, from which our summary judgment statute (§ 29-211) was copied, the better view is that affirmative defenses may, at least in some situations, be raised by affidavit as well as by answer. We agree with Moore's statement of the two views: "There is authority that defenses not pleaded in defendant's answer may not be raised by affidavits on his motion for summary judgment. This is highly technical and illiberal. Either the answer should be deemed amended to conform to the proof offered by the affidavits or a formal amendment permitted, the affidavits considered, and the motion for summary judgment decided under the usual rule pertaining to the adjudication of summary judgment motions." 6 Moore's Federal Practice § 56.11 [3] (1966).

Here the defendant's position is so strong as to be unassailable, for either of two reasons. First, the assertion that the purchase of the farm was contingent upon its being financed by the credit union was a matter of record when the plaintiffs filed their motion for summary judgment; so they do not and could not plead surprise. Second, the court in effect treated the pleadings as having been amended to conform to the proof, by considering the admissibility of the oral collateral contract upon the merits. When the trial court permits the introduction of evidence in the face of an objection that the point at issue was not raised by the pleadings, the effect of its ruling is to treat the pleadings, as amended to conform to the proof. *Warner* v. *Warner,* 221 Ark. 939, 256 S. W. 2d 734 (1953); *Smith* v. *Moschetti,* 213 Ark. 968, 214 S. W. 2d 73 (1958). Likewise, when the court below ruled upon the admissibility of the collateral oral agreement he necessarily treated the point as having been properly raised and ready for adjudication.

On the merits the court was mistaken about the admissibility of the oral agreement. Proof that a written contract is to be contingent upon the happening of a future event is not excluded by the parol evidence rule

if there is nothing in the writing inconsistent with the oral agreement. Restatement, Contracts, § 241 (1932). "Even in the case of a written contract duly executed by both parties, this court has repeatedly held that parol evidence is admissible to prove that it was not to be a complete and binding agreement until certain conditions precedent have been fulfilled." *Southern Wooden Box* v. *Ozark Hardwood Mfg. Co.,* 226 Ark. 899, 294 S. W. 2d 761 (1956). There is also a related rule that an oral agreement is not superseded by a contemporaneous written agreement if the oral agreement is one that might naturally be made as a separate agreement in the circumstances. Restatement, Contracts, § 240; *Magee* v. *Robinson,* 218 Ark. 54, 234 S. W. 2d 27 (1950). Thus it cannot be said on this record that proof of the asserted oral agreement would be inadmissible under the parol evidence rule. For a case almost identical with this one upon its facts, see *Alexander* v. *Kerhulas,* 151 S. C. 354, 149 S. E. 12 (1929).

With respect to the second point for reversal—the validity of the stipulation for $5,000 as liquidated damages—it is enough to say that the affidavits and other proof in the record have not explored that point, which will presumably be investigated when the case is heard on its merits.

Reversed.