Gary HARRINGTON *v.* CITY OF GREENBRIER et al

77-205                                              561 S.W. 2d 302

Opinion delivered February 13, 1978
(Division I)

*Henry & Graddy,* by: *Larry E. Graddy,* for appellant.

*Clark & McNeil,* for appellees.

GEORGE ROSE SMITH, Justice. Harrington brought this action against the city (or town) of Greenbrier and its sewer contractor to recover damages for trespass. The complaint alleges that the defendants, without having obtained an easement, entered upon the plaintiff's lot in Greenbrier and laid a sewer line across the lot, rendering it worthless for the purpose of residential construction and use. This appeal is from a summary judgment for the defendants. The sole question is whether the pleadings and the affidavits left any controverted issue of fact to be submitted to the court or to a jury.

The defendants' motion for summary judgment and accompanying affidavit completely rebutted the cause of action

asserted in the complaint. The defendants attached to the motion a copy of an easement deed by which the plaintiff had granted to the city an easement, ten feet wide, across the property for the installation of sewer lines. The deed recites that the easement shall be located upon such portion of the land as may be selected by the city. In the face of the affidavit and the deed, the plaintiff has failed to show any cause of action against the city or the contractor for trespass.

By counter-affidavit, however, Harrington sought to assert a new cause of action against the city. Harrington stated under oath that the city had obtained his signature to the easement deed by misrepresenting the proposed location of the easement. He said the city represented to him that the sewer line would be constructed along the highway in front of the lot instead of across the middle of the lot.

We may assume, without having to decide, that the plaintiff could assert a new cause of action in his affidavit, without amending his complaint. See *Bonds* v. *Littrell*, 247 Ark. 577, 446 S.W. 2d 672 (1969). Even so, this affidavit falls short of achieving that purpose.

Perhaps it might be said, construing the affidavit with great liberality, that the plaintiff is asserting a contract by which the sewer line was to be laid along the highway. If so, however, the proposed testimony, absent fraud, would be inadmissible as parol evidence directly contradicting the language of the written instrument. There has been no suggestion whatever that the cause be transferred to equity for reformation of the deed. Consequently the affidavit falls short of establishing a cause of action upon the contract.

There remains the possibility, argued in the brief, that the plaintiff's execution of the deed was induced by deliberate fraud, in that the city had a present intention not to perform its promise. *Victor Broadcasting Co.* v. *Mahurin*, 236 Ark. 196, 365 S.W. 2d 265 (1963). In that event, however, the cause of action would be one for deceit, which is an action for a tort outside the contract. *Barker* v. *Lack*, 120 Ark. 323, 179 S.W. 493 (1915); *Delaney* v. *Jackson*, 95 Ark. 131, 128 S.W. 859 (1910). The legislature has declared that no tort action shall lie against a municipal corporation on account of the acts of its agents and employees. Ark. Stat. Ann. § 12-2901 (Supp.

1977). It follows that the affidavit also falls short of establishing a cause of action in tort. Thus the summary judgment was correct.

Affirmed.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.