George W. MILLER et ux *v*
Leo HARDWICK et al

CA 79-166                                    591 S.W. 2d 659

Opinion delivered December 5, 1979
Released for publication January 9, 1980

*George M. Callahan,* for appellants.

*David M. Glover* and *G. Christopher Wolthall,* for appellees.

MARIAN F. PENIX, Judge. This case was appealed to the Supreme Court of Arkansas and by that Court assigned to the Arkansas Court of Appeals pursuant to Rule 29(3).

Appellees were granted summary judgment and from that judgment comes this appeal. The appellees do business as Hardwick Bros. Lumber Co. at Malvern. They sold home decoration articles and services to the appellants, the Millers, at Hot Springs. The Millers failed to pay the $4,392.11. Hardwick Bros. brought suit and attached to the complaint was an affidavit stating amount was owed. The Millers filed a general denial. Hardwick Bros. filed Interrogatories and Requests for Admission, which were answered. The Millers admitted there was a contract and did not dispute the contract price. However, the answers to the interrogatories did set out that not all of the goods received met the terms of the contract and there was at least partial lack of consideration. The affidavit of Miller specified those items which were not provided and those which were not satisfactory. From a pretrial hearing the court's order granted Millers "thirty days to amend their answer to assert affirmative defenses and to more responsively plead." Hardwick filed motion for Summary Judgment alleging no genuine issue as to any material fact. Millers filed a response to the motion for Summary Judgment in which they asserted their Responses to the Interrogatories and Requests for Admissions adequately outlined the defenses which would be relied on at trial; namely, lack of consideration. The affidavit attached to the Millers' response to Hardwick's motion for Summary Judgment specifically set out the items with which Millers were dissatisfied and which did not meet the terms of the contract. The court granted Hardwick's motion for Sum-

mary Judgment. The judgment reads " . . . the court considered the pleadings, the interrogatories, request for admissions, and answers thereto, the affidavits in support of and in response to the motion . . . "

Whether the court based its finding on its assessment of the insufficiency of the pleadings or on the review of all the documents in the file, we find the decision to be erroneous and must be reversed. A Summary Judgment is an extreme measure. Justice is better served when cases are tried on their merits. Pleadings are for the purpose of informing all the parties what the issues are. Where there is no surprise or substantial prejudice the court can always, and often does, treat the pleadings as amended, to conform to the proof. Defects in pleadings are to be disregarded unless they substantially affect the rights of the adverse party. A variance between the pleadings and proof is not material unless it has actually misled the adverse party to his prejudice. Ark. Stat. Ann. § 27-1155 and 27-1160 (Repl. 1962). While the general denial did not apprise Hardwick of the Millers' defense, the response to the interrogatories provided this notice. These responses, which become a part of the record without objection, were evidence to be considered by the judge. Once these became evidence, the pleadings are treated as amended to conform to the evidence. *Bonds* v. *Littrell,* 247 Ark. 577, 446 S.W. 2d 672 (1969).

> At the outset the appellees insist that Bonds cannot rely upon the asserted collateral agreement, because he failed to plead that defense in his answer. It is true that Bond's answer to the complaint was merely a general denial, plus special pleas not now relevant. But in response to the plaintiffs' requests for admissions of fact Bonds made this statement under oath: "Defendant admits that a written memorandum of said agreement was made and that a copy is attached to the complaint . . . Defendant states, however, that said agreement was contingent upon the defendant's obtaining the purchase money from the Houston Milk Producers Credit Union." In the face of that assertion, and without rebutting it, the plaintiffs filed their motion for summary judgment.

Under the Federal Rules of Civil Procedure, from which our summary judgment statute (§ 29-211) was copied, the better view is that affirmative defenses may, at least in some situations, be raised by affidavit as well as by answer. We agree with Moore's statement of the two views: "There is authority that defenses not pleaded in defendant's answer may not be raised by affidavits on his motion for summary judgment. This is highly technical and illiberal. Either the answer should be deemed amended to conform to the proof offered by the affidavits or a formal amendment permitted, the affidavits considered, and the motion for summary judgment decided under the usual rule pertaining to the adjudication of summary judgment motions." 6 Moore's Federal Practice § 56.11[3] (1966)

See also *Warner* v. *Warner,* 221 Ark. 939, 256 S.W. 2d 734 (1953); *Smith* v. *Moschetti,* 213 Ark. 968, 214 S.W. 2d 73 (1958).

By the responses to the interrogatories as well as the counter-affidavit, the Millers raised the defenses of lack of consideration or breach of warranty.

Ark. Stat. Ann. § 29-211 provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . .

Upon consideration of the pleadings, the responses to the requests for interrogatories, together with the affidavits, we believe there to be a material issue of fact. *Hughey* v. *Bennett,* 264 Ark. 64, 568 S.W. 2d 46 (1978); *Purser* v. *Corpus Christi State National Bank,* 258 Ark. 54, 522 S.W. 2d 187 (1975); *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W. 2d 76 (1969); *Mid-South Insurance Co.* v. *First National Bank of Fort Smith,* 241 Ark. 935, 410 S.W. 2d 873 (1967).

Reversed and remanded.

NEWBERN and PILKINTON, JJ., concur.

DAVID NEWBERN, Judge, concurring. My concurrence in the result reached by the majority is reluctant. The majority opinion's statement of the facts is correct except that it omits to say the motion for summary judgment was filed after the 30 days given the defendants to amend had elapsed, and no amendment had been filed. I can conceive of a rationale that no material issue of fact remained to be decided, as this failure to amend was a waiver of defenses. I decline to go that far. However, I do wish to point out where I disagree with the majority in areas I feel to be important.

First, the issue here is not whether the defendants have raised a defense of lack of consideration or an affirmative defense of breach of warranty. Rather, it is whether they have denied the correctness of the verified account filed with the complaint. This is an action on account as contemplated by Ark. Stat. Ann. § 28-202 (Repl. 1979). Lack of consideration is not a defense as it might be when the action is on a contract. See *Cawood* v. *Pierce,* 232 Ark. 721, 339 S.W. 2d 861 (1960), and *McWater* v. *Ebone,* 234 Ark. 203, 350 S.W. 2d 905 (1961), for cases showing the nature of this action. It is apparent the only defense, aside from affirmative defenses and set-offs which would have to be pleaded, is incorrectness of the account as stated.

I would have agreed with the granting of the summary judgment but for one discovery response (which I assume was under oath) which denied that some minor items listed in the appellee's affidavit were actually supplied. That was just barely enough, in my view, to raise an issue of fact.

Secondly, I cannot concur, in the context of an opinion evaluating the granting of a summary judgment, in a statement that "justice is better served when cases are tried on their merits." Such a statement implies we look askance at the summary judgment procedure. That is not the case. When there is no disputed fact which is material, under the applicable law, there are no merits to be tried, and it is wholly proper for a trial judge to apply the law summarily in those circumstances.

It was not improper for the trial judge to invite the defendants to amend their answer so that it either raised a defense to an action on account, which a general, unverified[1] denial is not, or to plead affirmative defenses. The defendants here are just lucky the plaintiffs asked in their interrogatory whether the defendants denied the accuracy of the account.

Judge Pilkinton joins in this opinion.

---

[1]*McWater* v. *Ebone,* cited above, suggests that a verified denial might be sufficient, but the record here shows the answer to have been unverified.