David CASTEEL and Judith Casteel *v.* STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY

CA 98-1117                                    989 S.W.2d 547

Court of Appeals of Arkansas
Division I
Opinion delivered May 5, 1999

*Henry, Halsey & Thyer*, for appellants.

*Snellgrove, Laser, Langley , Lovett, & Culpepper*, by: *Todd Williams*, for appellee.

JOHN E. JENNINGS, Judge. This litigation arose from a car accident involving Robin Peppers and appellant David Casteel. Appellant recovered the maximum limit of Ms. Peppers's automobile insurance policy in the amount of $50,000.00, and this case concerns appellant's underinsurance claim against his own insurer, appellee State Farm. Appellee defended the suit on alternative grounds, arguing that appellant's own negligence con-

tributed to the cause of the accident or that appellant's damages did not exceed $50,000.00. A Craighead County jury returned a general verdict for the defense.

Two issues are raised in this appeal. Appellant contends that the trial court erred in allowing testimony and evidence concerning his prior medical conditions and treatment that were unrelated to the injuries sustained in the collision and that the court erred in giving the jury instruction AMI 601. We affirm.

Appellant raises several evidentiary matters in his first point on appeal. By way of background, appellant filed a written motion in limine before trial seeking to exclude certain references to prior medical conditions, as contained in the office notes and deposition of his primary physician, Dr. Darrell Ragland. The trial court denied the motion in part, allowing mention of conditions that were deemed related to appellant's complaints since the accident, but the court also granted the motion in part, specifically precluding testimony concerning pain in the appellant's right-hand index finger related to arthralgia, and mild tension headaches. At trial, Dr. Ragland's deposition was read to the jury by the parties' two attorneys.

■ ■ Appellant's first contention is that error occurred because appellee violated the court's ruling in limine because those two conditions were mentioned when Dr. Ragland's deposition was read. Appellant, however, failed to voice any objection to the violation of the court's order prohibiting reference to those subjects. In his brief, appellant concedes that he did not object, but he argues that no objection was necessary, citing the rule that pertains when a trial court overrules a specific motion in limine. See Ward v. State, 272 Ark. 99, 612 S.W.2d 118 (1981); Taylor v. State, 9 Ark. App. 286, 658 S.W.2d 432 (1983). We are not persuaded that this rule applies in this instance. Here, the error complained of does not concern the trial court's ruling, which was favorable to appellant, but rather it is the violation of the trial court's ruling. It is one thing for it to be unnecessary to complain further about an adverse ruling, but quite another to say that an objection is not necessary when there is a violation of a favorable ruling. Few tenets are more firmly established than the rule

requiring a contemporaneous objection in order to preserve a point for review. *Nazarenko v. CTI Trucking Co., Inc.*, 313 Ark. 570, 856 S.W.2d 869 (1993). The reason is that the trial judge must be given an opportunity to correct the mistake. *Johnson v. State*, 308 Ark. 7, 823 S.W.2d 800 (1992). Furthermore, there is no affirmative duty on a trial court to subsequently make evidentiary rulings on its own motion. *Mills v. State*, 321 Ark. 621, 906 S.W.2d 674 (1995). Because appellant failed to object, we conclude that this issue has not been preserved for appeal.

■ Also under this point, appellant argues that the trial court erred in allowing testimony given during Dr. Ragland's deposition that appellant had previously complained of left flank pain. Appellant sought the exclusion of this testimony in both the written motion in limine and one made orally at the outset of trial. In response to appellant's oral motion in limine, appellee's counsel agreed not to refer to this matter. Nevertheless, it was mentioned during the reading of the deposition. Again, however, appellant failed to make any objection, which results in a waiver of this issue.

■ Appellant further contends that the trial court erred in permitting testimony that he had high blood pressure, as well as evidence related to his family history of colon cancer and appellant's refusal of diagnostic testing for that condition for financial reasons. Appellant raised these and a number of other matters in his oral motion in limine. Our review of the record, however, reveals that appellant failed to obtain a ruling. In addressing appellant's motion, the trial court ruled only that it would allow evidence of appellant's preexisting condition of fibromyalgia and related symptoms, since appellant's current complaints were similar to that condition. The court's ruling did not specifically address any of the other points raised in the motion. It is well established that the burden of obtaining a ruling is on the movant, and any objections and questions left unresolved are waived and may not be relied upon on appeal. *Fisher v. Valco Farms*, 328 Ark. 741, 945 S.W.2d 369 (1997). Also, when a trial court declines to rule on a motion in limine to exclude specific evidence, it is necessary for counsel to make a specific objection during the trial in order to preserve the issue on appeal. *Slocum v. State*, 325 Ark. 38,

924 S.W.2d 237 (1996). Because appellant failed to obtain a ruling and did not object when the evidence was introduced, these issues were not preserved. Even so we do not regard the admission of the evidence complained of as being prejudicial. Unless the appellant demonstrates prejudice, we do not reverse. *Lucas v. Grant*, 61 Ark. App. 29, 962 S.W.2d 388 (1998).

The accident in this case occurred on a four-lane street as Ms. Peppers, in a west-bound left lane, was making a left-hand turn into a parking lot, while appellant was heading east after entering the street from an adjacent parking lot. Ms. Peppers's vehicle struck appellant's vehicle broad-side, near the driver's door. As his second argument, appellant contends that the trial court erred in instructing the jury that a driver about to enter a highway must give the right of way to approaching vehicles. We find no error.

■ The parking lot that appellant had left and the lot that Ms. Peppers was turning into are only a foot or so apart. Ms. Peppers testified that the road was clear when she initiated her turn. Although appellant did testify that he had traveled some distance before the accident occurred, he also testified that "I pulled onto the road, and all of a sudden she was there. It was that quick." We believe that there was evidence from which the jury could find that Ms. Peppers made her turn first and was thus approaching when appellant pulled out of the parking lot. A party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in the evidence to support it. *Edwards v. Stills*, 335 Ark. 470, 984 S.W.2d 366 (1998).

Affirmed.

ROGERS and GRIFFEN, JJ., agree.