ISON PROPERTIES, LLC *v.* Chris R. WOOD and Debbie C. Wood,
*Husband and Wife*, d/b/a Greers Ferry Marine & ATV, LLC

CA 03-501 156 S.W.3d 742

Court of Appeals of Arkansas
Division IV
Opinion delivered March 31, 2004

*The Blagg Law Firm*, by: *Brad A. Cazort*, for appellant.

*Terry J. Lynn*, for appellee.

J OHN B. ROBBINS, Judge. Ison Properties, LLC, appeals from two rulings by the Cleburne County Circuit Court in this breach-of-contract action filed against it by appellees Chris Wood and Debbie Wood, d/b/a Greers Ferry Marine & ATV, LLC. After a jury trial, appellees recovered a judgment of $140,929.45 for appellant's failure to follow through with an agreement to purchase appellees' retail inventory of boats and recreational equipment. The three issues presented on appeal are whether the trial court erred in denying appellant's motion to dismiss for improper venue; whether it erred in striking appellant's affirmative defense of fraud; and whether it abused its discretion in refusing to amend the pleadings to conform to the evidence of fraud presented at trial. We affirm the trial court's decision in all respects.

In the fall of 2000, appellant entered into two agreements to buy appellees' boating and recreational vehicle business in Greers Ferry: one agreement concerned the purchase of appellees' real property, and the other dealt with the inventory. The agreement involved in this action is the inventory agreement dated November 9, 2000, wherein appellant agreed to purchase appellees' inventory of boats and other recreational vehicles, as described on a document labeled Schedule A that was attached to the contract. In paragraphs 3 and 4, the contract stated:

> Buyer shall take whatever steps are necessary to assume the outstanding indebtedness with the respective suppliers of the equipment as identified on Schedule A.... The assumption by Buyer of the outstanding indebtedness of the items described on Schedule A shall be the total consideration paid by Buyer to Sellers for the transfer of said property to Buyer from Sellers.

Schedule A listed, by lender, appellees' inventory of boats, setting forth each one's year model, serial number, and the balance due each

lender. Although the total balances due to Heber Springs State Bank, Transamerica, and Bombardier were listed on those pages, all of the current principal and interest payments due at that time were not set forth.

After closing, Mr. Ison learned that, in order to transfer the outstanding indebtedness on the boats to him, the lenders required him to immediately pay the "curtailments," the amounts of principal that were then due. The total amount of curtailments due when the contract was signed was $57,892.42. Mr. Ison then refused to complete the purchase of the inventory, and appellees filed this action for breach of contract in Cleburne County. In response, appellant filed a motion to dismiss for improper venue, which was denied. In its answer, appellant asserted the affirmative defense of fraud, stating: "The Defendant affirmatively pleads that the Plaintiff committed acts of fraud in failing to disclose to the Defendant the amount of curtailments on the boat inventory." On the morning of trial, appellees filed a motion to strike appellant's defense of fraud on the ground that it was not stated with the particularity required by Ark. R. Civ. P. 9(b). The trial court granted this motion, over appellant's objection.

At the conclusion of the trial, appellant moved to amend the pleadings to conform to the proof of fraudulent inducement introduced at trial. The trial court denied this motion and refused to instruct the jury on the issue of fraud. The jury returned a verdict for appellees in the amount of $140,929.45. Appellant has appealed from the judgment entered on that verdict.

In its first point, appellant argues that the trial court erred in denying its motion to dismiss for improper venue. Whether venue is appropriate in a particular county is a matter of law. *River Bar Farms, LLC v. Moore*, 83 Ark. App. 130, 118 S.W.3d 145 (2003); *Two Bros. Farm, Inc. v. Riceland Foods, Inc.*, 57 Ark. App. 25, 940 S.W.2d 889 (1997). As explained below, venue was proper in Cleburne County for a number of reasons.

Appellant argues that, based upon Ark. Code Ann. § 16-60-111(a) (1987), venue was proper only in Van Buren County, where its principal place of business is located. This statute provides: "An action on a debt, account, or note, or for goods or services may be brought in the county where the defendant resided at the time the cause of action arose." Appellant also contends that Ark. Code Ann. § 16-60-104 (1987) requires the dismissal of this action for improper venue. It states in relevant part: "An action,

other than those in §§ 16-60-101—16-60-103, against a corporation created by the laws of this state may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides." Appellant states that, in addition to its principal place of business being in Van Buren County, its chief officer, John Ison, resides there.

 Appellant, however, offered no proof about its principal place of business or the residence of its chief officer. When venue is questioned, there must be a determination on the facts; unless the pleadings on their face show that an action was commenced in the wrong county, a defendant objecting to the venue has the burden of proving the essential facts. *Farmers Bank v. Fuqua Homes, Inc.*, 259 Ark. 38, 531 S.W.2d 23 (1976).

 Also, because it is undisputed that Mr. Ison was served by the Cleburne County Sheriff in Cleburne County, Ark. Code Ann. § 16-60-116(a) (1987) permits venue in that county. That statute provides: "Every other action may be brought in any county in which the defendant, or one (1) of several defendants, resides or is summoned."[1] In *Fraser Brothers v. Darragh Co.*, 316 Ark. 297, 871 S.W.2d 367 (1994), the supreme court stated that an action based upon the nonpayment of a debt or breach of contract must be brought in the county of the defendant's residence or where the defendant is summoned.

 Arkansas Code Annotated section 16-58-125(a)(1) (1987) also applies because appellant admitted in paragraph one of its answer to the complaint that it operates a boating and recreational vehicle business in Cleburne County. This statute states:

> Any and all foreign and domestic corporations which keep or maintain in any of the counties of this state a branch office or other place of business shall be subject to suits in any of the courts in any of the counties where the corporation so keeps or maintains the office or place of business.

---

[1] In their treatise, *Arkansas Civil Practice & Procedure* § 6-1, at 25 (Supp. 2003), Justice David Newbern and Professor John Watkins note that the Civil Justice Reform Act, Act 649 of 2003, codified at Ark. Code Ann. §§ 16-55-201 *et seq.*, significantly altered this state's "venue landscape." They state that, although the focus of the act is tort reform, it contains venue provisions that apply, with certain exceptions, to "all civil actions" accruing on or after March 25, 2003. The act does not apply to this case because appellees' cause of action accrued over two years before that date.

Arkansas Code Annotated section 16-58-125 supplements Ark. Code Ann. § 16-60-104. In *American Savings & Loan Association v. Enfield*, 261 Ark. 796, 551 S.W.2d 552 (1977), the supreme court explained:

> It does not seem to us that the language of this section could any more clearly state that venue in an action against a domestic corporation can be laid in any county where the corporation maintains a branch office and that service of summons from any court held in such a county upon the person in charge of that office is sufficient to give that court jurisdiction.

261 Ark. at 801, 551 S.W.2d at 554.

In their treatise, *Arkansas Civil Practice & Procedure* § 6-6, at 99-100 (3d ed. 2002), Justice David Newbern and Professor John Watkins explain the effect of section 16-58-125 as follows:

> Another statute [in addition to Section 16-60-104], not codified with the venue provisions, expands these venue options. Under Ark. Code Ann. § 16-58-125(a)(1), corporations that maintain branch offices or other places of business are subject to suit in any county where such facilities are located. This statute has been held to supplement Ark. Code Ann. § 16-60-104, as has a similarly worded venue statute, Ark. Code Ann. § 16-60-105, that applies to actions against a "person, firm, copartnership, or association." Consequently, a domestic corporation might well be subject to suit in several counties: where it is situated, where its principal office or place of business is located, where a branch office or other place of business is located, or where its chief officer resides.

■ Because appellant failed to produce any facts to support its venue argument, and because Ark. Code Ann. §§ 16-58-125 and 16-60-116 support venue for this action in Cleburne County, we hold that the trial court was correct in denying appellant's motion to dismiss on the basis of venue.

■ In its second point, appellant argues that the trial court erred in granting appellees' motion to strike its defense of fraud from its answer because it was untimely.[2] A trial court's decision regarding the striking of a pleading will not be reversed in the absence of an abuse of discretion. *See Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002).

---

[2] Appellant does not argue that the trial court was wrong in finding that its defense of fraud set forth in its answer lacked the necessary particularity.

On the morning of trial, appellees moved to strike appellant's affirmative defense of fraud on the ground that it was not stated with the required particularity.[3] Appellant argues that appellees' motion was untimely because Ark. R. Civ. P. 12(f) required the motion to be made within twenty days after service of appellant's answer on appellees. It also contends that, under Ark. R. Civ. P. 6(c), the motion should have been served no later than twenty days before the trial. We disagree, because an objection of failure to state a legal defense to a claim may be made at the trial on the merits. Ark. R. Civ. P. 12(h)(2). We therefore reject appellant's argument on this issue.

Appellant also contends that, at the conclusion of the trial, the trial court abused its discretion in denying its motion to amend the pleadings to conform to the evidence it produced of fraudulent inducement on the part of appellees. Appellant argues that, because it presented evidence of appellee's fraud without objection from appellees, appellees waived their objection to appellant's request to amend the pleadings to conform to the evidence.

Arkansas Rule of Civil Procedure 15 provides for liberal amendments to and supplementation of pleadings and does not require that the claim be pled in writing at the time the parties actually try the issues. Although pleadings are required so that each party will know the issues to be tried and be prepared to offer his proof, Rule 15(b) allows for the amendment of the pleadings to conform to the evidence introduced at trial. *Hope v. Hope*, 333 Ark. 324, 969 S.W.2d 633 (1998). Permitting the introduction of proof on an issue not raised in the pleadings constitutes an implied consent to trial on that issue. *Id.* We will not reverse a trial court's decision regarding the amendment of pleadings to conform to the evidence in the absence of a manifest abuse of discretion. *Id.*

Although Rule 15 permits an amendment to the pleadings when the parties have implicitly agreed to the introduction of certain evidence, we find no such agreement here. Appellees made their position on this issue clear by filing their motion to strike appellant's defense of fraud on the morning of trial. Furthermore, midway through the trial, at the close of appellees' case, the court

---

[3] Fraud is an affirmative defense that must be expressly pled in response to a complaint. Ark. R. Civ. P. 8(c). Arkansas Rule of Civil Procedure 9(b) requires that the circumstances constituting fraud be stated with particularity.

announced that it was granting appellees' motion to strike the fraud defense from appellant's answer. Thus, the parties' fundamental disagreement on this matter and absence of implied consent could not have been more apparent at trial. Under the circumstances, we cannot say that the trial court abused its discretion in denying appellant's motion to amend the pleadings.

Affirmed.

PITTMAN and BIRD, JJ., agree.