2013 Ark. App. 81

The LONGING FAMILY REVOCABLE TRUST and Longing Hunting Club, LLC, Appellants

v.

Danny SNOWDEN; Sheila Snowden; Chesapeake Exploration, LLC; Jay-Jon, Inc.; Cenark Oil & Gas Company, Inc.; BP America Production Company; and Tri.Con Investment, LLC, Appellees.

No. CA 12–470.

Court of Appeals of Arkansas.

Feb. 13, 2013.

Hardin, Jesson & Terry, PLC, Fort Smith, by: Robert M. Honea, for appellants.

Morgan Law Firm, P.A., by: M. Edward Morgan, Clinton, for appellees Danny Snowden and Sheila Snowden.

Jones, Jackson & Moll, PLC, Fort Smith, by: Mark Moll and Joshua T. Carson, for appellee Chesapeake Exploration, LLC.

JOHN MAUZY PITTMAN, Judge.

This is a case involving the mineral rights to 220 acres of property in Van Buren County. The appellants are the Longing Family Revocable Living Trust and Longing Hunting Club, LLC (collectively, the Longings), and they own title to the surface of the property. The Longings filed a declaratory-judgment action against appellees Danny Snowden,[1] Sheila Snowden, Cenark Oil & Gas Company, and Tri. Con Investment, LLC, requesting a judgment against the defendants for title in the minerals. Other parties were brought in by means of amended complaints, cross-complaints, and third-party complaints. After a bench trial, the Van Buren County Circuit Court entered an order in favor of the defendants, thus denying the Longings' claim to the mineral rights. We affirm.

### Background and Procedural History

In March 1994, the Snowdens acquired title to the surface and an undivided one-half interest in the minerals of a 220–acre tract in Van Buren County. In August 1994, the Snowdens conveyed by warranty deed all of their mineral interests to Cenark, a company they controlled. In August 1995, they conveyed the surface estate to Tri.Con by warranty deed. This deed did not contain a mineral reservation. In 2000, Tri.Con conveyed the land to the Longing Trust by general warranty deed. In June 2003, the Longing Trust executed an oil-and-gas lease to New Century Production, and in March 2004, the Longing Trust conveyed the property to Danny G.

---

1. Danny Snowden died on October 20, 2011, after the entry of the judgment and filing of the notice of appeal. The Longings filed motions for revivor and for substitution of Sheila Snowden as personal representative of Danny Snowden's estate. The circuit court granted the motion for revivor on March 14, 2012, and on April 2, 2012, entered an order substituting Sheila Snowden in her capacity as personal representative of Danny Snowden's estate as a defendant.

Longing, who, in turn, quitclaimed the land to the Longing Hunting Club, LLC.

Cenark conveyed its mineral interest in the property back to the Snowdens in November 2004. In February 2005, the Snowdens executed an oil-and-gas lease to JRE Investments. This lease involved several tracts of land, totaling approximately 1,500 acres. In January 2005, New Century assigned its oil and gas lease to SEECO. JRE assigned its interest in the lease from the Snowdens to Chesapeake Exploration, LLC, in September 2005. Chesapeake assigned its interest under the lease to BP America Production Company in September 2008. In May 2006, the Snowdens conveyed their mineral interests to JayJon, Inc.

In December 2008, the Longings filed this suit, claiming title to all the minerals by virtue of the after-acquired title statute, Ark.Code Ann. § 18–12–601 (Repl.2003), and the mineral deed from Cenark to the Snowdens in 2004. They named the Snowdens, Cenark, and Tri.Con as defendants. The Longings asserted that by application of the doctrine of after-acquired title and estoppel by deed, title to the minerals passed from the Snowdens to the Longings immediately upon recording the 2004 mineral deed from Cenark to the Snowdens.[2] Contemporaneously with the filing of the complaint, the Longings also filed a notice of lis pendens.

In their answer, the Snowdens, Cenark, and Jayjon contended it was not their intent to convey the mineral interest and that the deeds should be reformed, but their prayer for relief did not ask for reformation. Chesapeake and BP answered, counterclaimed to quiet title and have the Longings' lease declared null and void, and cross-claimed against the Snow-

dens for breach of warranty of title. The Snowdens filed a cross-complaint against Tri.Con asking for reformation of their deed.

On December 6, 2010, the Longings filed a motion to dismiss the Snowdens' cross-complaint against Tri.Con on the basis that the Snowdens had not obtained service of the cross-complaint within 120 days. On December 17, 2010, the Longings filed a motion seeking to voluntarily dismiss their claims against Tri.Con. The circuit court granted the two motions by separate orders entered on January 6, 2011.

The Snowdens sought and were granted permission to file a third-party complaint against Tri.Con. The third-party complaint sought to reform the deed between the Snowdens and Tri.Con on the basis of mutual mistake.

### The Circuit Court's Ruling

The case was tried to the circuit court on March 9, 2011. The court entered its written order on February 9, 2012. The court noted that its decision and inquiry was limited by this court's then-recent decision in *Mauldin v. Snowden,* 2011 Ark. App. 630, 386 S.W.3d 560, which involved many of the same parties, conveyances, and transactions as in the present case. The court found that neither the Snowdens nor Tri.Con intended to transfer the mineral interest in the August 1995 transaction because the Snowdens did not own the mineral rights at that time, and that any interest conveyed was by mutual mistake and the deed should be reformed to reflect reservation of the mineral interest. Therefore, the court concluded that the doctrine of after-acquired title did not apply. The court also affirmed the oil-and-

---

**2.** The Longings later amended their complaint to add Chesapeake, Jayjon, and BP as defendants.

gas lease from the Snowdens to Chesapeake. The court then went on to summarily dismiss all of the Longings' other claims and arguments.

The Longings filed their notice of appeal on March 8, 2012. On March 9, 2012, they filed a motion to reconsider, arguing that the claim for reformation was barred by the statute of limitations. The Longings explicitly stated that the purpose of the motion was to ensure that their limitations arguments were preserved for appeal. The circuit court denied their motion by order entered on March 30, 2012. An amended notice of appeal was filed on April 10, 2012.

### Standard of Review

The standard of review on appeal in reformation cases is de novo. *Stalter v. Gibson*, 2010 Ark. App. 801, 379 S.W.3d 710. But, we do not reverse unless the circuit court's findings were clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, when considering all of the evidence, is left with a definite and firm conviction that a mistake has been committed. *L & L Energy Co. v. Chesapeake Exploration, LLC*, 2010 Ark. App. 422, 379 S.W.3d 42. Disputed facts and determinations of credibility are within the province of the fact-finder. *Id.* A circuit court's conclusions of law, however, are given no deference on appeal. *Id.*

### Discussion

The circuit court did not err in granting reformation of the Snowden–Tri. Con deed. Reformation is an equitable remedy that is available when the parties have reached a complete agreement but, through mutual mistake, the terms of their agreement are not correctly reflected in the written instrument purporting to evidence the agreement. *Lawrence v. Barnes*, 2010 Ark. App. 231, 374 S.W.3d 224; *Lambert v. Quinn*, 32 Ark.App. 184, 798 S.W.2d 448 (1990). A mutual mistake is one that is reciprocal and common to both parties, each alike laboring under the same misconception in respect to the terms of the written instrument. *Lawrence, supra.*

The Longings assert that there is no mutual mistake because the Snowdens acted unilaterally in having the mineral rights conveyed back to them by Cenark in 2004. We disagree because the mutual mistake necessitating reformation occurred in the 1995 transaction between the Snowdens and Tri.Con because that deed failed to properly include a reservation of the mineral interest. Danny Snowden and Jim Hawks, one of the co-owners of Tri. Con, both testified that they did not intend for the minerals to be included in the August 1995 conveyance by which Tri.Con acquired the property. Snowden also testified that no consideration was paid for the mineral rights and that he had continued to pay the taxes on the mineral rights. Hawks also testified that he was more interested in the timber rights than the mineral rights at the time of the conveyance. Whether a mutual mistake warranting reformation has occurred is a question of fact. *Stalter, supra; Lambert, supra.* We cannot say that the circuit court was clearly erroneous in finding that a mutual mistake had occurred. There was, contrary to the Longings' argument, no need to reform all of the deeds and conveyances subsequent to the Snowden conveyance to Tri.Con because, once that deed was reformed, there was no evidence that any of the deeds were not as intended by the parties to those deeds. In other words, there was no evidence of any other mistake in the chain of title. Because of the reformation, there were no mineral inter-

ests to pass under the after-acquired title statute. *Mauldin, supra.*[3]

■ There is no merit in the Longings' fourth argument that their filing of a notice of lis pendens somehow bars the assertion of the equitable remedy of reformation. The Longings cite no authority for the proposition that a notice of lis pendens precludes the assertion of any proper defenses to that litigation. It has been repeatedly held that we will not consider arguments unsupported by convincing argument or sufficient citation to legal authority. *Omni Holding and Development Corp. v. 3D.S.A., Inc.,* 356 Ark. 440, 156 S.W.3d 228 (2004). Moreover, the purpose of the lis pendens statute is simply to provide constructive notice that a lawsuit affecting title to real property has been filed. *Ashworth v. Hankins,* 241 Ark. 629, 408 S.W.2d 871 (1966); *Mitchell v. Federal Land Bank,* 206 Ark. 253, 174 S.W.2d 671 (1943). The notice under the statute does not establish any lien, or have any application as between the parties, but gives effect to the rights ultimately established by a judgment in the case. *Elliott v. Elliott,* 252 Ark. 966, 482 S.W.2d 123 (1972). Because the notice does not have any application between the parties, the mere filing of a notice was ineffective to create any vested rights that would preclude the assertion of a claim for reformation.

■ ■ The Longings argue as part of their fifth and sixth points that the circuit court erred because reformation was not pled against them. The short answer is that the Snowdens did raise the issue in their answer to the Longings' complaint. Reformation of an instrument may be properly pled in an answer or in a cross-

complaint. *See Realty Investment Co. v. Higgins,* 192 Ark. 423, 91 S.W.2d 1030 (1936); *Wiegel v. Moreno–Burkham Construction. Co.,* 153 Ark. 564, 240 S.W. 732 (1922). Also, Danny Snowden testified that he was asking the court to reform the deed to show that the mineral rights were reserved. There was no objection to this testimony. Under Arkansas Rule of Civil Procedure 15(b), where evidence is introduced without objection on an issue not raised in the pleadings, the pleadings will be deemed to be amended to conform to the proof. *See Neste Polyester, Inc. v. Burnett,* 92 Ark.App. 413, 214 S.W.3d 882 (2005). Reformation may also be a preliminary step for further relief. *Hampton School District No. 1 v. Phillips,* 251 Ark. 90, 470 S.W.2d 934 (1971); *Martin v. Hempstead County Levee District No. 1,* 98 Ark. 23, 135 S.W. 453 (1911). Here, reformation was a preliminary step to the circuit court's ultimate determination of the Longings' complaint for declaratory judgment, which the Longings have recognized.

■ Relatedly, the Longings also assert that the Snowdens' failure to include a prayer for reformation in their answer is fatal. However, the Arkansas Supreme Court has held that no specific prayer for reformation is necessary. *Troupe v. Ancrum,* 146 Ark. 36, 225 S.W. 9 (1920). A court of equity may fashion any reasonable remedy justified by the proof. *See Roe v. Dietrich,* 310 Ark. 54, 835 S.W.2d 289 (1992); *Keith v. Barrow–Hicks Extensions of Water Improvement District No. 85,* 275 Ark. 28, 626 S.W.2d 951 (1982); *Whitten Developments, Inc. v. Agee,* 256 Ark. 968, 511 S.W.2d 466 (1974).

---

3. The Cenark conveyance of the mineral interest back to the Snowdens, which the Longings assert triggered the application of the after-acquired title statute, was the same document the plaintiffs in *Mauldin* contended triggered the application of the doctrine in that case. Likewise, the Snowdens' conveyance of the mineral interest to JayJon, Inc., was also involved in *Mauldin.*

■ According to the Longings, Tri. Con is not a proper party because it was dissolved many years prior to this action being filed. This is of no significance because, although dissolved, Tri.Con's corporate existence could continue indefinitely for the limited purpose of defending the third-party complaint filed by the Snowdens because the transaction occurred before Tri.Con's dissolution. *See* Ark.Code Ann. §§ 4–26–1103 to –1104 (corporations), 4–32–903 (limited liability companies) (Repl.2001).

The Longings' arguments as to the statute of limitations, laches, and waiver barring the action for reformation likewise fail. They cannot assert those affirmative defenses because they filed the original complaint for declaratory judgment; as such, they were not responding to a complaint, counterclaim, or cross-complaint, and therefore cannot assert affirmative defenses. *Kulbeth v. Purdom,* 305 Ark. 19, 22, 805 S.W.2d 622, 623 (1991).

Affirmed.

GLADWIN, C.J., and WALMSLEY, J., agree.